NO. 07-02-0161-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 7, 2003




______________________________




SHAWN JOSEPH RICHARD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



 

_________________________________



FROM THE 339TH DISTRICT COURT OF HARRIS COUNTY;



NO. 884612; HONORABLE CAPRICE COSPER, JUDGE



_______________________________




MEMORANDUM OPINION (1)



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

 Upon a plea of not guilty, appellant Shawn Joseph Richard was convicted by a jury
of possession of phencyclidine less than one gram and sentenced by the trial court to two
years in a state jail facility. In presenting this appeal, counsel for appellant has filed an
Anders brief in support of a motion to withdraw and represents no arguable grounds for
appeal exist. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). 
The State waived its opportunity to respond to appellant's brief. Based upon the rationale
expressed herein, we grant the motion to withdraw and affirm the judgment of the trial
court.

 On August 8, 2001, officers initiated a traffic stop upon a vehicle in which appellant
was riding. Appellant exited the car from the front passenger seat and began to run. In
the following pursuit, one of the officers witnessed a red object fall from appellant's person. 
After apprehending him, officers searched the chase scene and recovered a red bottle cap. 
Upon searching the vehicle, officers discovered a vanilla extract bottle containing a clear
liquid residue in the center console between the driver and front passenger seats. The red
bottle cap fit the top of the vanilla bottle. A chemist with the Houston Police Department's
Crime lab testified the residue located in the vanilla bottle was phencyclidine and weighed
less than a gram. Appellant recounted seeing a vanilla bottle "on the side of the passenger
seat," but denied any knowledge it contained narcotics. Additionally, in contrast to the
officers' testimony, appellant maintained the red bottle cap was discovered on the floor of
the passenger seat.

 Before addressing the merits of appellant's case, we first discuss our obligations
concerning the accompanying Anders brief. See Penson v. Ohio, 488 U.S. 75, 80, 109
S.Ct. 346, 350, 102 L.Ed.2d 300, 309 (1988). In support of her motion to withdraw,
counsel certified she diligently reviewed the record and, in her opinion, it reflected no
reversible error or grounds upon which an appeal can be predicated. Anders, 386 U.S. at
744. Thus, she concluded the appeal is frivolous.

 Additionally, counsel certified she sent a copy of the brief to appellant, and informed
him that, in her view, the appeal is without merit. Furthermore, counsel demonstrated she
notified appellant of his right to review the record and file a pro se brief. By her brief,
counsel raised no arguable grounds for appeal. Because appellant has not filed a brief,
and the time for filing one has elapsed, we have independently reviewed the entire record
to determine whether arguable grounds for appeal exist. See Penson, 488 U.S. at 80;
Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no
nonfrivolous issues and agree with counsel that the appeal is without merit.

 Accordingly, counsel's motion to withdraw is granted and the judgment of the trial
court is affirmed. 

 Don H. Reavis

 Justice



Do not publish.





 
1. Tex. R. App. P. 47.2(a).



457, 460
(Tex.App.-Austin 2002, no pet.) (both recognizing that article 38.141 reflects same
legislative policy toward testimony of informants as that regarding testimony of accomplices,
and that legislature, by article 38.141, has imposed the same standard of corroboration for
an informant's testimony as that required for accomplice testimony by article 38.14);
Jefferson v. State, 99 S.W.3d 790, 793 n.3 (Tex.App.-Eastland 2003 pet. ref'd); Young v.
State, 95 S.W.3d 448, 450-51 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) (also applying
article 38.14 case law to article 38.141). The underlying premise is that such a witness is
a discredited witness and that "the testimony of an accomplice witness is to be carefully
scrutinized not only because of any interest he or she might have, but because her or his
testimony is from a corrupt source." Simmons, 205 S.W.3d at 72, citing Beathard v. State,
767 S.W.2d 423, 429 (Tex.Crim.App. 1999). The purpose of article 38.14 is to assure that
a jury does not consider an accomplice witness's testimony unless it finds that the witness
is telling the truth and other evidence corroborates the discredited witness's testimony.
Cantelon, 85 S.W.3d at 460. 


 When the State elicits testimony from an accomplice for the purpose of proving a
defendant's guilt, the defendant is entitled to an instruction that a conviction cannot be based
on the accomplice testimony unless the jury believes the testimony to be true, and unless
there is other evidence tending to connect the defendant to the offense. Simmons, 205
S.W.3d at 76, citing Herron v. State, 86 S.W.3d 621, 631 (Tex.Crim.App. 2002); see
Saunders v. State, 817 S.W.2d 688, 692 (Tex.Crim.App. 1991) (stating instruction
requirement). A similar instruction is necessary when the State relies on testimony requiring
corroboration under article 38.141. Simmons, 205 S.W.3d at 76.

 Here, it is undisputed that Johnson was acting under the direction of the San Angelo
Police Department. The record is clear also that Johnson was cooperating with police with
the understanding that her cooperation would lead to a recommendation to the State that her
pending drug charges would be lessened or dismissed. We agree with appellant the trial
court was obligated to instruct the jury about the requirements of article 38.141. Because
it did not, it erred. 

 Appellant did not object at trial to the court's failure to so instruct the jury. See Herron
v. State, 86 S.W.3d 621, 632 (Tex.Crim.App. 2002) (applying harm analysis to similar
errors). The failure to preserve jury-charge error is not a bar to appellate review, but rather
establishes the degree of harm necessary for reversal. Warner v. State, 245 S.W.3d 458,
461 (Tex.Crim.App. 2008). Because appellant did not object to the instruction's omission,
the error does not result in reversal "unless it was so egregious and created such harm that
appellant was denied a fair trial." Id. 


 Failure to inform the jury of the requirement of corroboration of accomplice witness
testimony "makes it possible for rational jurors to convict even absent corroboration which
they find convincing." Saunders v. State, 817 S.W.2d 688, 692 (Tex.Crim.App. 1991). The
defendant will not have been egregiously harmed by the omission of a corroborating-evidence instruction if other evidence than the testimony of the accomplice witness is
present that fulfills the purpose of the instruction. Simmons, 205 S.W.3d at 77, citing Herron,
86 S.W.3d at 632. A harm analysis for error in omitting the cautionary instruction on the
requirement of corroborating evidence must be "flexible," taking into consideration both the
existence and the strength of such other evidence. Id. In determining the strength of the
corroborating evidence, we must examine: (1) its reliability or believability; and (2) the
strength of its tendency to connect the defendant to the offense. Id. Omission of the article
38.141 instruction will generally not result in egregious harm "unless the corroborating
evidence is so unconvincing in fact as to render the State's overall case for conviction clearly
and significantly less persuasive." Simmons, 205 S.W.3d at 77, citing Saunders, 817
S.W.2d at 689.

 Evidence corroborating Johnson's testimony includes that provided by the testimony
of Detective Parry and two other officers who observed events occurring behind the bar, and
by photographs taken by one of those officers. We believe the jury would have found the
evidence convincing that appellant arrived with her husband at the location and time at which
he had agreed to make the drug sale. That evidence also shows John Fritz never left the
vehicle but appellant went into the bar and came out with Johnson. As appellant
emphasizes, no corroborating witness testified he saw appellant deliver drugs to Johnson
nor do the photographs introduced at trial depict the actual delivery of the drugs from
appellant to Johnson. An officer testified, however, that he watched Johnson and appellant
come out the back door of the bar and stop walking, then saw appellant "reach into her
shirt," (6) then saw Johnson walk to Parry's vehicle. Parry testified that very shortly after he
phoned Johnson to tell her he had arrived, she walked up to his vehicle with the drugs. 
Parry left his vehicle, walked to the Fritzes' car, paid John Fritz the agreed-upon amount and
spoke with both Fritz and appellant. Parry's testimony about his conversation with appellant
and Fritz, which we discuss in more detail as we address appellant's fourth issue, provides
further corroboration of appellant's role in the transaction. Appellant's remarks to Parry
confirm her knowledge of the nature of the transaction, and serve to explain her actions
observed by the officers. The corroborating evidence was provided by experienced officers,
and the photographic evidence is consistent with their testimony. Parry's testimony that
appellant provided him a telephone number for future transactions is confirmed by
introduction of the note on which she wrote her name and the number, and supported by
photographic evidence. We find the jury could have considered the corroborating evidence
of her guilt reliable and believable, and that it had a strong tendency to connect her with the
offense. Simmons, 205 S.W.3d at 77. The corroborating evidence is not so unconvincing
in fact as to render the State's overall case for conviction clearly and significantly less
persuasive. Accordingly, while the trial court erred in failing to instruct the jury pursuant to
article 38.141, we conclude appellant did not suffer egregious harm from the court's failure
to do so. We overrule appellant's third issue.

Admission of Statements of John Fritz and Appellant

 We turn to appellant's fourth issue, by which she contends the trial court erred by 
admitting Parry's testimony of statements she and Fritz made during their conversation after
Parry paid Fritz for the drugs. Appellant specifically challenges the admission of evidence
of: (1) appellant's affirmative nod of her head in response to Parry's inquiry whether she and
Fritz were able to provide larger quantities of methamphetamine; (2) Fritz's response that
"Yeah, she weighs it all out" when Parry said the methamphetamine they sold him appeared
to be the right amount; (3) appellant's handwritten note that contains her name and a phone
number, provided to Parry in response to his question asking how to reach them to get larger
quantities of methamphetamine; (4) appellant's statement to Parry as she handed him the
note that "as we did more business and she could trust me, the price would go down"; and
(5) Fritz's statement that they added $25.00 to the price of the methamphetamine Parry
bought "for their trouble." 

 A trial court's decision to admit or exclude evidence is reviewed under an abuse of
discretion standard. Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex.Crim.App. 1990)
(op. on reh'g). As long as the trial court's ruling was "within the zone of reasonable
disagreement," its decision will be sustained. Id. at 391. 


Appellant's Statements

 We first address those statements admitted that are attributed to appellant. She
asserts they were inadmissible hearsay. Rule of Evidence 801(e)(2)(A) provides that a
statement is not hearsay if the statement is offered against a party and is the party's own
statement in either an individual or representative capacity. Tex. R. Evid. 801(e)(2)(A). 
Appellant's affirmative nod of her head, her handwritten note, and her statement that the
price would go down as they did more business with Detective Parry are all admissions by
a party-opponent and thus are not hearsay. See Bingham v. State, 987 S.W.2d 54, 56
(Tex.Crim.App. 1999) (applying Rule 801(e)(2)(A)). The trial court did not abuse its
discretion by admitting evidence of them.

John Fritz's Statements

 Appellant contends Parry's testimony of statements made by John Fritz should not
have been admitted because it was hearsay and because it contravened the United States
Supreme Court's opinion in Crawford v. Washington. (7) In all state and federal criminal
prosecutions, the accused has a right, guaranteed by the Sixth and Fourteenth Amendments
to the United States Constitution, "to be confronted with the witnesses against him." U.S.
Const. Amends. VI, XIV, Crawford v. Washington, 541 U.S. 36, 42, 124 S.Ct. 1354, 158
L.Ed.2d 177(2004), Pointer v. Texas, 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923
(1965). In Crawford, the Supreme Court held that the Confrontation Clause bars the
admission of out-of-court testimonial statements made by a witness who does not testify
unless the witness is unavailable to testify and the defendant has had a prior opportunity to
cross-examine the witness. Crawford, 541 U.S. at 68. Therefore, to implicate the
Confrontation Clause, an out-of-court statement must be (1) made by an absent witness and
(2) testimonial in nature. Id; King v. State, 189 S.W.3d 347 (Tex.App.-Fort Worth 2006, no
pet.). 
 The trial court determined that Crawford did not require exclusion of Fritz's statements,
and found them admissible under Rule of Evidence 801(e)(2)(E), concerning statements by
a co-conspirator of a party during the course and in furtherance of the conspiracy. Tex. R.
Evid. 801(e)(2)(E). We agree with both of its conclusions. 

 Generally, a co-conspirator's statements made in the furtherance of the conspiracy are
non-testimonial. See Crawford, 541 U.S. at 56 (stating, "most of the hearsay exceptions
covered statements that by their nature were not testimonial-for example, business records
or statements in furtherance of a conspiracy"). See also Wiggins v. State, 152 S.W.3d 656,
659 (Tex.App.-Texarkana 2004, pet. ref'd) (stating, "co-conspirator statements made in the
furtherance of a conspiracy are nontestimonial"). Statements that are made in furtherance
of a conspiracy include those made (1) with intent to induce another to deal with co-conspirators or in any other way to cooperate with or assist co-conspirators, (2) with intent to
induce another to join the conspiracy, (3) in formulating future strategies of concealment to
benefit the concealment, (4) with intent to induce continued involvement in the conspiracy,
or (5) for the purpose of identifying the role of one conspirator to another. King, 189 S.W.3d
at 360. Conversely, statements that are not made in furtherance of a conspiracy, and thus
remain hearsay, include those that are (1) casual admissions of culpability to someone the
declarant had individually decided to trust; (2) mere narrative descriptions; (3) mere
conversations between conspirators; or (4) "puffing" or "boasting" by co-conspirators. Id. 

 Appellant does not challenge the trial court's finding that appellant and her husband
conspired to sell and deliver methamphetamine to Parry. She argues Fritz's statements were
not made in furtherance of the conspiracy but were made in connection with a possible future
sale. We disagree. Both the statements in question were made by Fritz during the
consummation of Parry's purchase of the drugs. As noted, Fritz's response that "Yeah, she
weighs it all out" was made in response to Parry's comment about the methamphetamine
delivered to him on that occasion, and his other statement explained the price charged Parry
for that same methamphetamine. We find the challenged statements fall within the
parameters of Rule of Evidence 801(e)(2)(E). The trial court did not abuse its discretion in
admitting evidence of them. Appellant's fourth issue is overruled.

Corroboration of Johnson's Testimony

 Appellant's second issue presents her contention Johnson's testimony was not
sufficiently corroborated to meet the requirements of article 38.141. Again, we look to case
law concerning accomplice testimony to determine the sufficiency of the corroboration.
Simmons, 205 S.W.3d at 71-72. 


 A challenge of insufficient corroboration is not the same as a challenge of insufficient
evidence to support the verdict as a whole. Cathey v. State, 992 S.W.2d 460, 462-63
(Tex.Crim.App. 1999). To corroborate accomplice-witness testimony, "all the law requires is
that there be some non-accomplice evidence which tends to connect the accused to the
commission of the offense. While individually these circumstances might not be sufficient to
corroborate the accomplice testimony, taken together, rational jurors could conclude that this
evidence sufficiently tended to connect appellant to the offense." Hernandez v. State, 939
S.W.2d 173, 178-79 (Tex.Crim.App. 1997), citing Cox v. State, 830 S.W.2d 609, 612
(Tex.Crim.App. 1992); Cantelon v. State, 85 S.W.3d 457, 460-61 (Tex.App.-Austin 2002, no
pet.). 

 To determine the sufficiency of the corroboration, we eliminate the testimony of the
accomplice and ask whether other inculpatory evidence tends to connect the accused to the
commission of the offense, even if it does not directly link the accused to the crime. McDuff
v. State, 939 S.W.2d 607, 612 (Tex.Crim.App.1997), Casias v. State, 36 S.W.3d 897, 901
(Tex.App.-Austin 2001, no pet.). We must view the corroborating evidence in the light most
favorable to the verdict. Knox v. State, 934 S.W.2d 678, 686-87 (Tex.Crim.App. 1996); Gill
v. State, 873 S.W.2d 45, 48 (Tex.Crim.App. 1994). 

 As we have noted, the evidence presented through witnesses other than Johnson
showed more than appellant's presence at the scene of the drug transaction. It showed her
interaction with Johnson while appellant's husband remained in the car. Her remarks to Parry 
showed her knowledge of the purpose of their dealings, and her intent. The evidence
corroborating Johnson's testimony is sufficient to satisfy the "tends-to-connect" standard. See
Jeffrey v. State, 169 S.W.3d 439 (Tex.App.-Texarkana 2005, pet. ref'd) (applying standard
in covert witness case). We overrule appellant's second point of error.

Legal and Factual Sufficiency

 By appellant's first issue, she contends the evidence is legally and factually insufficient
to show that she actually delivered methamphetamine. 

 In reviewing issues of legal sufficiency, an appellate court views the evidence in the
light most favorable to the verdict to determine whether a rational fact finder could have found
each element of the offense beyond a reasonable doubt. Swearingen v. State, 101 S.W.3d
89, 95 (Tex.Crim.App. 2003); Conner v. State, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001),
citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If, based
on all the evidence, a reasonably minded jury must necessarily entertain a reasonable doubt
of the defendant's guilt, due process requires that we reverse and order a judgment of
acquittal. Swearingen, 101 S.W.3d at 95, citing Narvaiz v. State, 840 S.W.2d 415, 423
(Tex.Crim.App. 1992), cert. denied, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). 

 In performing a factual sufficiency review, we view all the evidence in a neutral light,
giving deference to the fact finder's determinations if supported by the record and may not
order a new trial simply because we may disagree with the verdict. Marshall v. State, 210
S.W.3d 618, 625 (Tex.Crim.App. 2006); Watson v. State, 204 S.W.3d 404, 414-15
(Tex.Crim.App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). As an
appellate court, we are not justified in ordering a new trial unless there is some objective
basis in the record demonstrating that the great weight and preponderance of the evidence
contradicts the jury's verdict. Id. The criminal verdict will be set aside "only if the evidence is
so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence so
strong that the standard of proof beyond a reasonable doubt could not have been met." 
Garza v. State, 213 S.W.3d 338, 343 (Tex.Crim.App. 2007).

 Appellant's evidentiary sufficiency argument is founded on the fact no witness but
Johnson could give direct evidence of appellant's delivery of the methamphetamine. (8) 
However, circumstantial evidence is as probative as direct evidence in establishing the guilt
of an actor, and circumstantial evidence alone can be sufficient to establish guilt. Hooper v.
State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). As we have related, one officer testified he
saw appellant reach into her shirt during her interaction with Johnson, but no officer could
testify he saw appellant hand the drugs to Johnson, nor do the photographs or the videotape
depict the actual transfer. We reject appellant's sufficiency argument for several reasons. 
First, the jury was free to believe and rely on Johnson's testimony. Section 38.141 does not
render the testimony of a person cooperating with police incompetent. In fact, section 38.141
does not even say that the jury should be skeptical of the testimony or that the jury should
give less weight to such testimony than to other evidence. Herron, 86 S.W.3d at 632. 
Instead, once it is determined that corroborating evidence exists, the purpose of the 38.141
instruction is fulfilled and the instruction plays no further role in the factfinder's decision-making. Id. Second, the circumstances to which the officers testified and the photographs
depict support a conclusion appellant gave the methamphetamine to Johnson just as she
said. The jury heard an officer testify he watched Johnson walk to Parry's vehicle directly
after her interaction with appellant. (9) Third, as appellant acknowledges, John Fritz's
statements to Parry corroborate his involvement in the offense. Appellant's actions during
that conversation make little sense unless she delivered the methamphetamine for which
Parry paid her husband. 

 We find, after viewing the evidence in the appropriate light, that a rational jury could
have found each element of the offense beyond a reasonable doubt. Further, we cannot
point to an objective basis in the record that demonstrates that the great weight and
preponderance of the evidence contradicts the jury's verdict. Appellant's first issue is
overruled.

 Having overruled appellant's issues, we affirm the trial court's judgment.

 

 James T. Campbell

 Justice



Do not publish.
1. See Tex. Health & Safety Code Ann. § 481.112(c) (Vernon 2001). This is a
second degree felony punishable by confinement for a term of not more than 20 years or
less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33
(Vernon 2003).
2. Initially, Detective Parry was targeting another individual with Johnson's
cooperation, but when Johnson called the number she had for that person, John Fritz
answered the phone. When he agreed to provide the methamphetamine, Fritz became
the subject of the operation. 
3. Parts of the transaction were captured on tape by the audio/video recording
system in Detective Parry's car and were also captured in photographs taken by the
surveillance team in place. 
4. Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon 2001). Article 38.141 provides: (a)
A defendant may not be convicted of an offense under Chapter 481, Health and Safety
Code, on the testimony of a person who is not a licensed peace officer or a special
investigator but who is acting covertly on behalf of a law enforcement agency or under the
color of law enforcement unless the testimony is corroborated by other evidence tending
to connect the defendant with the offense committed. (b) Corroboration is not sufficient for
the purposes of this article if the corroboration only shows the commission of the offense.
(c) In this article, "peace officer" means a person listed in Article 2.12, and "special
investigator" means a person listed in Article 2.122. 
5. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005).
6. The officer's testimony he saw appellant reach into her shirt thus corroborates
Johnson's testimony in which she stated, "So we came out the door and around to the end
of the pickups. [Appellant] stopped, she stuck her hand in her bra, handed me the dope. 
I walked right straight to [Parry's] pickup, handed it inside to him and told him that she had
had it on her, and gave him the dope." 
7. We do not find in the record a specific objection to the evidence on Confrontation
Clause grounds. See Reyna v. State, 168 S.W.3d 173, 179 (Tex.Crim.App. 2005)
(requiring specific objection on that ground). Outside the presence of the jury, however,
the trial court informed the attorneys it had undertaken a Crawford analysis and determined
that it did not apply to the evidence. The State does not argue on appeal that no
Confrontation Clause issue was preserved for appellate review. We consider appellant's
contentions on that issue in conjunction with our analysis under the Texas Rules of
Evidence.
8. Appellant acknowledges that evidence a defendant delivered a controlled
substance to an agent of an undercover officer is sufficient to support conviction for actual
transfer to the officer. See Marable v. State, 85 S.W.3d 287, 291 (Tex.Crim.App. 2002)
(Cochran, J., concurring), citing Heberling v. State, 834 S.W.2d 350, 354 (Tex.Crim.App.
1992).
9. Some testimony suggests that as short a time as eight seconds may have elapsed
between Johnson's interaction with appellant and her appearance at Parry's vehicle
window.