Deborah WILLIAMS

v.

The STATE of Texas.

No. 12–90–00306–CR.

Court of Appeals of Texas,
Tyler.

May 19, 1993.

Discretionary Review Refused Oct. 20, 1993.

82

J. Mitchell Beard, Henderson, for appellant.

William L. Ferguson, Henderson, for appellee.

Before BILL BASS, HOLCOMB and COLLEY,[1] JJ.

1. Paul S. Colley, Justice (Retired), Tyler Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1988).

BILL BASS, Justice.

Deborah Williams was convicted of delivery of a controlled substance and sentenced to 75 years in the Texas Department of Corrections. She now challenges the conviction on the ground that the State failed to corroborate the testimony of an accomplice witness. We will reverse the judgment of the trial court and remand for a new trial.

Dan Hall, as part of his duties as a Rusk County undercover narcotics officer, sought the assistance of Brazil Nobles to work with him in acquiring information about black cocaine dealers. Nobles had previously sold cocaine to Hall and was charged with the offense of delivery of a controlled substance. Nobles agreed to work with Hall and was paid each time they worked together on undercover operations.

On one occasion, Hall directed Nobles to go into the residence of Appellant, Deborah Williams, for the purpose of purchasing cocaine. After Hall gave the money for the drugs to Nobles, Nobles entered Williams' house, asked for "two caps," gave Williams the money, and received the cocaine in exchange.

At the trial on Williams' delivery of a controlled substance charge, the trial court instructed the jury that Nobles was an accomplice witness, and the jury could not convict Williams upon Nobles' testimony unless there was other evidence tending to connect Williams with the offense committed. It is undisputed that the only evidence that Williams committed the offense was from the testimony of Brazil Nobles, who the court considered an accomplice witness as a matter of law. Nevertheless, the jury found Williams "guilty of delivery, by constructive transfer, of a controlled substance, to wit, cocaine, as charged in the indictment."

▪ In her first and second points of error, Williams argues that the evidence was insufficient to support the conviction since the testimony of the accomplice witness, Brazil Nobles, was not corroborated. The TEXAS CODE OF CRIMINAL PROCEDURE states: "A

conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX.CODE CRIM. PROC.ANN. art. 38.14 (Vernon 1979).

■ In *Boozer v. State,* the Texas Court of Criminal Appeals held that the sufficiency of the evidence must be measured by the charge that was submitted to the jury. *Boozer v. State,* 717 S.W.2d 608, 610 (Tex.Cr. App.1984). If the record does not contain that measure of evidence that the instructions in the charge require, it is insufficient as a matter of law. *Nickerson v. State,* 782 S.W.2d 887, 891 (Tex.Cr.App.1990). The jury was instructed that Brazil Nobles was an accomplice witness and the jury could not convict Williams upon Nobles' testimony unless there was other evidence tending to connect Williams with the offense committed.

The State does not dispute Appellant's argument that there was no evidence apart from the "accomplice witness" testimony that tended to connect Williams with the delivery of cocaine offense. This is for good reason. The only other witness present at Williams' residence was Dan Hall, the undercover officer, who drove Nobles to her home. Hall waited outside, but admitted on cross-examination that he did not see anything inside the residence, saw no one besides Nobles come out, and did not know who was in the house. After viewing the evidence in the light most favorable to the prosecution, measured against the charge submitted to the jury, we cannot conclude that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Cr.App. 1989). The evidence was insufficient to support the jury's verdict under the charge submitted to them. We sustain Appellant's first two points of error.

■ In her third point of error, Williams contends the trial court erred in overruling her motion for new trial. Williams argued in her motion for new trial that the Rusk County District Attorney's Office failed to comply with the court's order granting Williams' "Motion to Produce Exculpatory and Mitigating Evidence." On appeal, Williams claims the District Attorney's Office had knowledge that Williams, while on probation for another controlled substance conviction, cooperated with federal agents in their undercover operations against suspected drug dealers within the Rusk County Jail. The State argues that Williams failed to establish sufficient evidence at the hearing that would have provided the trial court with a basis for the new trial. After reviewing the record, we agree with the State that Williams failed to show that: (1) the prosecution suppressed evidence after a request by the defense; (2) the evidence was of a favorable character for the defense; and (3) the evidence was material. *Butler v. State,* 736 S.W.2d 668, 670 (Tex.Cr. App.1987); *Coe v. State,* 683 S.W.2d 431, 438 (Tex.Cr.App.1984).

■ Furthermore, a motion for new trial is directed to the discretion of the trial court, and in the absence of abuse of discretion, its decision should not be disturbed on appeal. *Appleman v. State,* 531 S.W.2d 806 (Tex.Cr. App.1975). We conclude that the trial court did not abuse its discretion in overruling Williams' motion for new trial. Point of error three is overruled.

■ By way of two cross-points of error, the State contends that the trial court erred in submitting the accomplice witness instruction to the jury. An accomplice witness is an individual who participated with the accused before, during, or after commission of the crime for which he is on trial. *Creel v. State,* 754 S.W.2d 205, 213 (Tex.Cr.App.1988). If a State's witness has no complicity in the offense for which an accused is on trial, his testimony is not that of an accomplice witness whatever may have been his complicity with the accused in the commission of other crimes. *Gamez v. State,* 737 S.W.2d 315, 322 (Tex.Cr.App.1987). The mere fact that a witness was present when the crime was committed does not compel the conclusion that the witness is an accomplice witness. *Brown v. State,* 640 S.W.2d 275, 279 (Tex.Cr. App.1982).

The evidence clearly shows that Brazil Nobles was working with the Rusk County Sheriff's Office in an undercover operation when he purchased the cocaine from Williams. He was instructed where to go and was paid for his services. He did not participate in the criminal·offense with the accused before, during, or after commission of the crime, except as an agent for the Sheriff's Office. Based on our review of the record, Brazil Nobles was not an accomplice as a matter of law. The trial court erred in instructing the jury otherwise.

■ The State maintains that since the trial court submitted an erroneous charge and the jury found Williams guilty anyway, we must find the error harmless and affirm the conviction. That very argument was rejected by the Court of Criminal Appeals in *Boozer* when it reversed a burglary conviction after the trial court erroneously instructed the jury on the accomplice witness rule. *Boozer*, 717 S.W.2d 608, 609 (Tex.Cr.App. 1984) ("as we understand it, the court of appeals held the evidence was insufficient to support the jury's verdict that appellant was guilty under the court's instructions, but the insufficiency was 'harmless' because appellant was not entitled to have the State prove what the trial court instructed the jury must be proved before a conviction was warranted").

■ Although we have concluded that the trial court erred in requiring the State to corroborate Brazil Nobles' testimony, we cannot automatically assume that the cause should be remanded for a new trial, rather than an acquittal being ordered. If the prosecutor allows an erroneous charge to be submitted to the jury without objection, he voluntarily shoulders the increased burden of proof allotted to it by that charge. *Stephens v. State*, 717 S.W.2d 338, 341 (Tex.Cr.App. 1986). The Court of Criminal Appeals has stated:

[I]t behooves [the prosecutor] to request a charge which correctly allocates the burden placed on him by law ... And if the record reflects the prosecutor has pursued this course to protect his lawful obligations, but the trial court has nevertheless refused the ... submission of the requested charge, and the evidence is found insufficient to support the verdict *because of* the trial court's errors in this regard, those reviewable rulings of the trial court found erroneous by the appellate court constitute "trial error," and the State if free to pursue another prosecution.

*Nickerson v. State*, 782 S.W.2d 887, 890 (Tex. Cr.App.1990) (quoting *Stephens v. State* ).

The State's prosecutor made the following objection:

We would object to Paragraph 5 which contains instructions concerning an accomplice. There has been no evidence in the record whatsoever that Brazil Nobles ever acted as an accomplice in this case, in any way assisted or conspired or did anything to promote the offense other than to act for the police in that capacity. We do not feel that he qualifies as an accomplice ... He's not a party to the offense any more than [undercover officer] Dan Hall would have been had Dan Hall walked in and made the purchase ... [W]e are making an assumption here on the part of the Court, a conclusion that is left to the— should be left to the Jury that he is an accomplice. And for those reasons, first of all, we object strongly to the entire paragraph.

The trial court overruled the prosecutor's objection and submitted the charge without any changes. The State, by properly objecting to the erroneous instruction, did not assume a greater burden of proof than necessary. *See Arceneaux v. State*, 803 S.W.2d 267, 271 (Tex.Cr.App.1990). We therefore conclude that the trial court committed reversible trial error. The judgment should be reversed and remanded for a new trial. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). We sustain the State's two cross-points of error.

We reverse the judgment of the trial court and remand for a new trial.