Aaron Gene JEFFERSON, Appellant,

v.

STATE of Texas, Appellee.

No. 11–02–00154–CR.

Court of Appeals of Texas, Eastland.

Feb. 13, 2003.

Denise Campbell, Dallas, Tim Ford, Dist. Atty., Palo Pinto, for appellant.

Kenneth N. Tarlton, Ritchie, Ray & Tarlton, Mineral Wells, for appellee.

Panel consists of ARNOT, C.J., and McCALL, J., and DICKENSON, S.J.*

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. The offense would have been a felony of the second degree under TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (Vernon Pamph. Supp.2003), but it was enhanced by the find-

## Opinion

BOB DICKENSON, Senior Justice (Retired).

The jury convicted Aaron Gene Jefferson of delivery of cocaine and found that the offense occurred within 1,000 feet of a public school. The trial court assessed his punishment at confinement for 30 years.[1] We affirm.

### Issues Presented

Appellant presents two issues for appellate review. First, he argues that the trial court erred in denying his motion for directed verdict because "the State failed to corroborate the testimony of the confidential informant," as required by TEX. CODE CRIM. PRO. ANN. art. 38.141 (Vernon Pamph. Supp.2003). Then, he argues that, although no proper objection was lodged at trial, "the trial court committed fundamental error" in failing to instruct the jury pursuant to Article 38.141.

### The Indictment

The indictment charged that, on or about the 26th day of December 1998, appellant knowingly delivered, by actual transfer, to Pamela Kay Newman, a controlled substance, "cocaine, in an amount of one gram or more but less than four grams."

### The New Statute

The Texas Legislature enacted Article 38.141 in its 2001 regular session, and this statute became effective on September 1, 2001. Even though the offense was com-

---

ing that the delivery was in a "drug-free" zone. See TEX. HEALTH & SAFETY CODE ANN. § 481.134(b) (Vernon Pamph. Supp. 2003). It was also enhanced by the pleading and proof of one prior felony offense. See TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp.2003).

mitted in 1998, the trial was after the effective date of the new statute. Article 38.141 is applicable to the trial and appeal of this case, and it reads in relevant part as shown:

(a) A defendant may not be convicted of an offense [under the Texas Controlled Substances Act] on the testimony of a person who is not a licensed peace officer or a special investigator *but who is acting covertly on behalf of a law enforcement agency* or under the color of law enforcement *unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.*

(b) Corroboration is not sufficient for the purposes of this article if the corroboration only shows the commission of the offense. (Emphasis added)

### The Covert Witness Testimony

Pamela Kay Newman testified that she had worked as a "confidential informant" for the Cross Timbers Task Force. Newman testified about appellant's December 26, 1998, offense. Newman met Officer Rodney Price and another member of the drug task force at the old Mineral Wells dog pound. They searched her and "put an audio device on [her] to go in while [she] was making the buy, and gave [her] money." Officer Price drove Newman to the elementary school which is near the house where appellant sold cocaine to Newman. It took Newman about three or four minutes to get to the house from where Officer Price parked his car. Newman went through the garage and knocked on the door of the house. Appellant answered the door, and he invited her to come into the house. Newman told appellant that she "wanted to purchase $150 worth of crack." Newman said that appel-

lant left the room "to go get it." She named three other people who were in the house "smoking crack" in the master bedroom. Newman said that she went into the bathroom where appellant "had the crack that was laid out on the counter." Newman said that appellant told her: "Here it is." Newman had a yellow baggie, and she testified that appellant "took a razor blade and scooped it up and put it in the baggie" for her. Newman paid him the $150, and she left the house. She went back to Officer Price's car and gave the contraband to him.

### The Other Evidence

Some of the "other evidence tending to connect" appellant to the offense came from Officer Rodney Price, a Mineral Wells police officer who had been assigned to the Cross Timbers Narcotics Task Force. Officer Price was a field supervisor for the drug task force, and he confirmed that Newman was working for him as a "confidential informant" when she made a number of drug purchases under his supervision. Officer Price described their actions on the night when Newman purchased 1.18 grams of cocaine from appellant.[2] While Newman went into the house by herself to make the purchase, Officer Price waited in his car. Officer Price watched her go to and from the house, and she gave him the cocaine when she got back to his car. Newman had been searched before she went into the house to make sure that she did not have any contraband before the purchase from appellant. Officer Price also testified that he put a recording device on Newman, that he turned it on when she left his car to go into the house, and that he turned it off when she got back to his car. Officer Price testified that the recording covered

---

**2.** There was also testimony from other witnesses about the "chain of custody" on the contraband which Newman purchased from

appellant, and there was testimony by the chemist who tested and weighed the contraband.

the events while Newman was inside the house, that it was an "accurate copy" of the conversations, and that it had not been altered or modified in any manner. Officer Price testified that appellant's voice was one of the voices on the recording, and he identified the other persons whose voices were on the recording. The recording was played for the jury, and it has been reviewed by this court. The recording is also "other evidence tending to connect" appellant with the offense which was committed. See *Hernandez v. State*, 939 S.W.2d 173, 178 (Tex.Cr.App.1997),[3] where the court said:

> All the law requires is that there be *some* non-accomplice evidence which *tends* to connect the accused to the commission of the offense. While individually these circumstances might not be sufficient to corroborate the accomplice testimony, taken together, rational jurors could conclude that this evidence sufficiently *tended* to connect appellant to the offense. (Emphasis in original)

 We hold that rational jurors could conclude that the testimony by Officer Price and the recording, taken together, tended to connect appellant to the commission of the offense on trial. This satisfies the corroboration requirement of Article 38.141. The first issue for review is overruled.

### Claim of Fundamental Error

 Appellant concedes that there was "no proper objection" to the charge, but he argues that the trial court's error in failing to charge the jury on the requirements of Article 38.141 is fundamental error. The Court of Criminal Appeals has consistently held that claims of fundamental error in the charge to the jury are reviewed under the "egregious harm standard" of *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1985). See, e.g., *Ellison v. State*, 86 S.W.3d 226, 228 (Tex.Cr.App.2002); *Huizar v. State*, 12 S.W.3d 479, 483 (Tex.Cr.App.2000); *Posey v. State*, 966 S.W.2d 57, 60 (Tex.Cr.App.1998).

We hold that appellant has not shown "egregious harm" from the trial court's failure to instruct the jury to disregard the testimony of the "covert" witness unless the jury was convinced beyond a reasonable doubt that there was other evidence which "tended to connect" appellant to the commission of the offense. The second issue for review is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.

---

**3.** The requirement that accomplice testimony must be "corroborated by other evidence tending to connect the defendant with the offense committed" is identical to the requirement that covert witness testimony must be "corroborated by other evidence tending to connect the defendant with the offense committed." TEX. CODE CRIM. PRO. ANN. arts. 38.14 & 38.141 (Vernon 1979 & Pamph. Supp.2003). Consequently, the statements in *Hernandez v. State,* supra, are persuasive.