NUMBER 13-02-359-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




LEONARDO RENDON CAMPOS, JR.,
A/K/A LEO CAMPOS, A/K/A LEO CAMPOS, JR.,                  Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 156th District Court
of Bee County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Castillo
Opinion by Justice Castillo

         A jury convicted Leonardo Rendon Campos, Jr.


 of delivery of a controlled
substance.


 It sentenced Campos, a repeat offender, to thirty-five years imprisonment
in the Institutional Division of the Texas Department of Criminal Justice.


 Campos
appeals on the grounds that the evidence is legally and factually insufficient to support
his conviction. We affirm. 
I. BACKGROUND
         The indictment charged that Campos:
on or about the 15th day of June A.D., 2001 . . . did then and there
knowingly deliver, by actual transfer, to Lila Garcia, a controlled
substance, namely, Cocaine, in an amount of one gram or more but less
than four grams. 

         At trial, Campos twice moved for acquittal under article 38.141 of the code of
criminal procedure: 
(a)A defendant may not be convicted of an offense under
Chapter 481, Health and Safety Code, on the testimony of a person who
is not a licensed peace officer or a special investigator but who is acting
covertly on behalf of a law enforcement agency or under the color of law
enforcement unless the testimony is corroborated by other evidence
tending to connect the defendant with the offense committed.
 
(b)Corroboration is not sufficient for the purposes of this article
if the corroboration only shows the commission of the offense.
 
(c)In this article, "peace officer" means a person listed in
Article 2.12, and "special investigator" means a person listed in
Article 2.122. 

Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon Supp. 2003). The State conceded
at trial that Lila Garcia was a confidential informant whose testimony was subject to
corroboration pursuant to article 38.141. However, the State argued that the
corroboration requirement did not apply to an offense that occurred before
September 1, 2001, which was the effective date of the statute. The trial court
denied Campos's motion for acquittal but instructed the jury on the corroboration
requirement. The jury found Campos guilty. This appeal ensued. 
II. THE EVIDENCE AT TRIAL
A. The Official-Witness Testimony
         Chief Deputy Edward D. Hons and Captain Danny Madrigal testified that Lila
Garcia was a paid confidential informant for the Bee County Sheriff's Department. On
June 16, 2001, Garcia met with Hons, Madrigal, and other officers to prepare for a
covert drug purchase. The officers instructed Garcia to go to an address they provided
and buy an "8 ball" of cocaine. Hons and Madrigal both knew Campos and knew the
location to be his address. They searched Garcia before giving her $140 in cash. 
They provided her with a pickup truck, which they also had searched beforehand. 
Equipped with a hidden transmitter and cell phone, Garcia drove to the address. 
Equipped with a radio receiver and tape recorder, the officers followed Garcia in
another vehicle. When Garcia arrived at the address, Hons noticed a pickup truck in
the driveway. He identified a photograph of the pickup he saw that night and said it
belonged to Campos. The officers parked a block away while Garcia got out of her
pickup. They listened to the transmission but did not visually observe Garcia at the
location. Hons testified he recognized Campos's voice as it was being transmitted
when Garcia first arrived. Madrigal testified he identified Campos as the person talking
with Garcia during the transmitted conversations. Garcia twice left the location, then
returned. The officers followed her both times, speaking with her by telephone and
meeting with her away from the location. Each time, they followed her back to the
location a few minutes later, keeping her pickup in sight at all times. After the third
visit to the location, the officers followed Garcia when she left, again keeping her in
sight, and met with her about a mile away. She handed Hons a package. 
         Laboratory tests revealed that the substance Garcia turned over to Hons
weighed 1.22 grams and contained cocaine. Lengthy segments of the audiotape
proved inaudible. The trial court sustained Campos's objections to admission of the
audiotape, a transcript of the tape, and the officers' testimony regarding the substance
of the transmitted conversations. 
B. The Covert-Witness Testimony
         Garcia testified she knew Campos and that he lived at the address to which the
officers directed her. She also identified Campos's pickup truck as being in the
driveway when she got there. She testified she asked Campos if she could buy an
8 ball of cocaine. She said Campos quoted a price of $140 and told her to leave and
come back in ten or fifteen minutes. Garcia gave Campos the money, counting aloud
as she handed it to him for purposes of the audiotape, and left. When she returned,
Campos again told her to come back in a few minutes. When Garcia returned the next
time, Campos gave her what Garcia believed to be an 8 ball of cocaine. Garcia then
drove to meet Hons and the other officers. She gave the 8 ball to Hons. 
III. SUFFICIENCY STANDARDS OF REVIEW
A. Corroboration 
         We look to article 38.14 of the code of criminal procedure when
interpreting article 38.141. Jefferson v. State, 99 S.W.3d 790, 793 n.3 (Tex.
App.–Eastland  2003, pet. ref'd); Young v. State, 95 S.W.3d 448, 450-51 (Tex.
App.–Houston [1st Dist.] 2002, pet. ref'd); Cantelon v. State,
85 S.W.3d 457, 460 (Tex. App.–Austin 2002, no pet.); see Tex. Code Crim. Proc.
Ann. art. 38.14 (Vernon 1979). Article 38.14 provides that "a conviction cannot be
had upon the testimony of an accomplice unless corroborated by other evidence
tending to connect the defendant with the offense committed." Tex. Code Crim. Proc.
Ann. art. 38.14 (Vernon 1979). The enactment of substantially the same language
in article 38.141 suggests that the legislature intended the same standard for
corroboration to apply to confidential informants. Cantelon, 85 S.W.3d at 460.
         A challenge of insufficient corroboration is not the same as a challenge of
insufficient evidence to support the verdict as a whole. See id. (citing Cathey v.
State, 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999) (applying the accomplice-witness rule)). The test for weighing the sufficiency of corroborative evidence is to
first eliminate from consideration the testimony of the accomplice witness. Hernandez
v. State, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997) (applying the accomplice-witness rule) (citing Reed v. State, 744 S.W.2d 112, 125 (Tex. Crim. App. 1988)). 
We then examine the testimony of other witnesses to ascertain if there is evidence
that tends to connect the accused with the commission of the offense. 
Hernandez, 939 S.W.2d at 176. Corroborative evidence need not be sufficient in itself
to establish the accused's guilt beyond a reasonable doubt. Id. Nor is it necessary for
the corroborative evidence to directly link the accused to the commission
of the offense. Cantelon, 85 S.W.3d at 461. The corroboration requirement
is satisfied if there is some corroborative evidence that tends to connect the accused
to the commission of the offense alleged in the indictment. See Gill v.
State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994). 
         We view the corroborating evidence in the light most favorable
to the finding of guilt. Cantelon, 85 S.W.3d at 461 (citing Knox v.
State, 934 S.W.2d 678, 686-87 (Tex. Crim. App. 1996)); Gill, 873 S.W.2d
at 48.  No precise rule can be formulated regarding the amount of evidence required
to corroborate testimony. Cantelon, 85 S.W.3d at 461 (citing Gill, 873 S.W.2d
at 48). Even insignificant circumstances may satisfy the test. Cantelon, 85 S.W.3d
at 461. We judge each case on its own facts. Id. 
B. Legal Sufficiency
         A legal-sufficiency challenge calls for appellate review of the
relevant evidence in the light most favorable to the prosecution. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex.
Crim. App. 2003); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). We
consider all the evidence that sustains the conviction, whether properly or improperly
admitted or whether introduced by the prosecution or the defense, in determining the
legal sufficiency of the evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Similarly, in reviewing the legal sufficiency of the evidence, we
look to all of the evidence introduced during either stage of the trial. De Garmo v.
State, 691 S.W.2d 657, 661 (Tex. Crim. App. 1985).
         In a jury trial, legal sufficiency is measured against the elements of the
offense as defined by a hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury
charge is one that "accurately sets out the law, is authorized by the indictment, does
not unnecessarily increase the State's burden of proof or unnecessarily
restrict the State's theories of liability, and adequately describes the particular
offense for which the defendant was tried." Id. A hypothetically correct
jury charge would not simply quote from the controlling statute. Gollihar v.
State, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001). Its scope is limited by "the
statutory elements of the offense . . . as modified by the charging instrument." Fuller
v. State, 73 S.W.3d 250, 254 (Tex. Crim. App. 2002) (Keller, J., concurring); Curry
v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). When a statute lists more
than one method of committing an offense, and the indictment alleges some, but not
all, of the statutorily listed methods, the State is limited to the methods alleged. 
Fuller, 73 S.W.3d at 255; Curry, 30 S.W.3d at 404. This standard of legal sufficiency
ensures that a judgment of acquittal is reserved for those situations in which there is
an actual failure in the State's proof of the crime. Malik, 953 S.W.2d at 240. We
then determine if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319;
Johnson, 23 S.W.3d at 7. 
         If we reverse a criminal case for legal insufficiency following a jury trial, we
reform the judgment to reflect conviction for a lesser offense only if: (1) we find that
the evidence is sufficient to support conviction of the lesser offense; and (2) a jury
charge on the lesser offense was either submitted or requested but denied. Collier v.
State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999) (plurality op.) (discussing
circumstances under which court of appeals may reform judgment following jury trial
to reflect conviction for lesser offense); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.
Crim. App. 1993) (clarifying same). Otherwise, we vacate the judgment of conviction
for legal insufficiency and order a judgment of acquittal. Swearingen, 101 S.W.3d
at 95. 
C. Factual Sufficiency
         We also measure the factual sufficiency of the evidence against a 
hypothetically correct jury charge. Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.—Corpus Christi 2002, pet. ref'd). We are constitutionally empowered to review
the judgment of the trial court to determine the factual sufficiency of the evidence
used to establish the elements of the charged offense. Johnson, 23 S.W.3d at 6. In
determining the factual sufficiency of the elements of the offense, we view all the
evidence neutrally, not through the prism of "the light most favorable to the
prosecution." Id. at 6-7 (citing Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996)). We set aside a finding of guilt only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Id. at 7. A clearly wrong and unjust finding of guilt is "manifestly
unjust," "shocks the conscience," or "clearly demonstrates bias." Rojas v.
State, 986 S.W.2d 241, 247 (Tex. Crim. App. 1998). 
         In conducting a factual-sufficiency review, we review the fact finder's weighing
of the evidence. Johnson, 23 S.W.3d at 7 (citing Clewis, 922 S.W.2d at 133). We
review the evidence that tends to prove a material disputed fact and compare it with
evidence that tends to disprove it. Johnson, 23 S.W.3d at 7. We are authorized to
disagree with the fact finder's determination. Id. However, we approach a factual-sufficiency review with appropriate deference to avoid substituting our judgment for
that of the fact finder. Id. Our evaluation should not intrude substantially on the fact
finder's role as the sole judge of the weight and credibility given to witness
testimony.  Id. 
         We always remain aware of the fact finder's role and unique position, a position
we are unable to occupy. Id. at 9. Exercise of our authority to disagree with the fact
finder's determination is appropriate only when the record clearly indicates our
intervention is necessary to stop manifest injustice. Id. Otherwise, we accord due
deference to the fact finder's determinations, particularly those concerning the weight
and credibility of the evidence. Id. 
         Every fact need not point directly and independently to the accused's guilt. 
Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981). A finding of guilt
can rest on the combined and cumulative force of all the incriminating circumstances.
Id. We reverse a judgment of conviction only if proof of guilt is so obviously weak as
to undermine confidence in the fact finder's determination, or proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. Swearingen,
101 S.W.3d at 97. Which standard applies generally depends on whether the
complaining party had the burden of proof at trial. Zuliani v. State, 97 S.W.3d 589,
593 (Tex. Crim. App. 2003). If the accused did not have the burden of proof at trial,
then the first or "manifestly unjust" standard applies. Id. If the accused had the
burden of proof at trial, then the second or "against the great weight and
preponderance" standard applies. Id. 
         In conducting a factual-sufficiency review in an opinion, we "show
our work" when we consider and address the appellant's main argument for
urging insufficiency of the evidence. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003); Johnson, 23 S.W.3d at 9; Manning v. State, 112 S.W.3d 740, 747 (Tex.
App.–Houston [14th Dist.] 2003, no pet. h.); see Tex. R. App. P. 47.1. This practice
benefits the parties, maintains the integrity of the justice system, and improves
appellate practice.  Sims, 99 S.W.3d at 603; Manning, 112 S.W.3d at 747. If we
reverse a criminal case for factual insufficiency, we vacate the judgment of conviction. 
Clewis, 922 S.W.2d at 133-34. We remand for a new trial a criminal case reversed
for factual insufficiency, so a second fact finder has the chance to evaluate the
evidence. Swearingen, 101 S.W.3d at 97. 
IV. APPLICABLE LAW
         Section 481.112(a) of the health and safety code prohibits a person from
knowingly manufacturing, delivering, or possessing with intent to deliver a controlled
substance listed in Penalty Group 1. Tex. Health & Safety Code Ann. § 481.112(a) 
(Vernon 2003). Penalty Group 1 includes cocaine. Tex. Health & Safety Code
Ann. § 481.102(3)(D) (Vernon 2003). A person acts knowingly, or with knowledge,
with respect to the nature of conduct or to circumstances surrounding conduct when
the person is aware of the nature of the conduct or that the circumstances exist. Tex.
Penal Code Ann. § 6.03(b) (Vernon 2003). For purposes of delivery of a controlled
substance, actual delivery occurs when possession and control of the substance
transfers from one person to another. Cano v. State, 3 S.W.3d 99, 105 (Tex.
App.–Corpus Christi 1999, pet. ref'd). Delivery of a controlled substance is a felony
of the second degree if the aggregate weight, including adulterants or dilutants, is one
gram or more but less than four grams. Tex. Health & Safety Code
Ann. § 481.112(c) (Vernon 2003). 
         V. SUFFICIENCY ANALYSIS
A. Corroboration of Covert-Witness Testimony
         We first eliminate from consideration Garcia's testimony and examine the official
witnesses' testimony for evidence that tends to connect Campos with the offense. 
See Jefferson, 99 S.W.3d at 793; see also Young, 95 S.W.3d at 452; Cantelon,
85 S.W.3d at 461; Williams v. State, 864 S.W.2d 81, 83 (Tex. App.–Tyler 1993, pet.
ref'd). Hons and Madrigal testified they knew Campos lived at the address to which
they directed Garcia. Hons identified a pickup truck in the driveway as belonging to
Campos. Both officers identified Campos's voice in the transmission broadcast while
Garcia was at the location. 
         In Williams, evidence that a police officer drove the informant to the location
and waited outside while the transaction occurred was insufficient to corroborate the
informant's identification of the defendant as the person from whom the drug purchase
was made. Williams, 864 S.W.2d at 83 (reversing on State's cross-appeal that trial
court erred in instructing jury to apply accomplice-witness corroboration requirement
to informant's testimony). In Young, the State introduced a photograph of the
accused's house into evidence, which the confidential informant identified as the
location of a drug delivery. Young, 95 S.W.3d at 451. The confidential informant also
identified the accused's voice on an audiotape of the transaction. Id. The court of
appeals found that the photograph of the house did not connect the accused to a drug
transaction, nor did the State offer other evidence linking the house to a drug delivery. 
Id. Further, none of the officers verified that the informant went to the accused's
house on the day of the transaction. Id. at 451-52. No other witnesses testified that
the informant entered the accused's house, or that a drug delivery took place there. 
Id. at 452. The court of appeals, concluding that the confidential informant provided
the only link between the accused's house and the drug delivery and between the
accused and the voice on the audiotape, held the evidence legally insufficient. Id. 
          In Cantelon, an official witness testified that the informant met the accused at
an agreed time and place. Cantelon, 85 S.W.3d at 461. The officer observed the two
for several minutes as they sat in the accused's car. Id. After being searched by the
officer, the informant had gotten into the accused's car carrying a specific amount of
cash and an audio recorder. Id. The informant returned without the cash and turned
over a bag of marihuana and the recording device, which had recorded the
conversation between the informant and the accused during the drug transaction. Id. 
The State also introduced a videotape that corroborated the informant's actions up to
the point he got in the accused's car. Id. The court of appeals concluded that the
corroborating evidence sufficiently tended to connect the accused with the crime. 
Id. at 462. 
         In Jefferson, the official witness testified he waited in his car and observed the
confidential informant go into a house to make a drug purchase. Jefferson, 99 S.W.3d
at 792. The informant gave the officer the cocaine when she got back to his car. Id. 
The informant had been searched before she went into the house. Id. The officer also
testified he put a recording device on the informant, turned it on when she left his car
to go into the house, and turned it off when she got back to his car. Id. The State
introduced the audiotape, and the officer identified the accused's voice as one of the
voices on the recording. Id. at 793. The court of appeals held that the officer's
testimony and the recording were "other evidence tending to connect" the accused
with the offense. Id. 
         We find the corroboration in this case less than the evidence found to be
sufficient in Cantelon and Jefferson but more than the evidence found to be
insufficient in Young and Williams. All the law requires for corroboration is some
evidence that tends to connect the accused to the commission of the offense. 
Jefferson, 99 S.W.3d at 792 (quoting Hernandez, 939 S.W.2d at 178). We find that
the record contains evidence, other than Garcia's, in the form of the officers'
testimony:  (1) identifying the location as where Campos lived and the pickup in the
driveway as belonging to Campos; (2) describing their observations of Garcia before
and after the transaction, including Garcia's repeated comings and goings, which
tended to corroborate Garcia's testimony that Campos twice told her to leave and
come back; and (3) identifying the voice they heard being transmitted during the
transaction as Campos's. These circumstances individually might not be sufficient to
corroborate Garcia's testimony. See Jefferson, 99 S.W.3d at 792. Considering the
circumstances together, however, a rational fact finder could conclude that the official
witnesses' testimony sufficiently tended to connect Campos to the offense. See id.


 
 B. Legal-Sufficiency Analysis
         Viewing the evidence in the light most favorable to the prosecution and
measuring it against a hypothetically correct jury charge as modified by the indictment,
we find that the record contains evidence that Campos knowingly delivered
1.22 grams of a substance containing cocaine to Garcia on June 15, 2001. See
Cano, 3 S.W.3d at 105. A rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. See Jackson, 443 U.S. at 319; see
also Johnson, 23 S.W.3d at 7. We hold the evidence legally sufficient to support
Campos's conviction for delivery of a controlled substance in an amount of one gram
or more but less than four grams. 
C. Factual-Sufficiency Analysis
         We view all the evidence neutrally, favoring neither the prosecution nor the
defense, and measure it against a hypothetically correct jury charge as modified by the
indictment. Johnson, 23 S.W.3d at 6-7; Adi, 94 S.W.3d at 131. In addition to the
evidence recited in our legal-sufficiency analysis above, we find that the record
contains evidence of Campos's challenges to Garcia's credibility and motivation for
working as a confidential informant. The officers acknowledged that the amount of
cocaine Garcia turned over to them was half the amount they had instructed her to
buy. Campos also attacked the procedures used by the Bee County Sheriff's
Department to ensure that Garcia did not plant the cocaine. Finally, through cross-examination of Garcia and the officers, Campos introduced evidence of the presence
of other people at the location during the transaction. 
         Faced with a record of historical facts that supports conflicting inferences, we
presume that the trier of fact resolved any conflicts in favor of the prosecution. See
Jackson, 443 U.S. at 326. While we find some evidence raising questions about
Garcia's credibility, the reliability of the authorities' procedures, and the presence of
third parties during the transaction, we cannot conclude that the State's proof of
Campos's guilt is so obviously weak as to undermine confidence in the fact finder's
determination. See Zuliani, 97 S.W.3d at 593. Even though Garcia may have been
a "discredited witness with selfish interests and possibly corrupt motives, the jury was
entitled to find that [s]he was telling the truth and that other evidence corroborated
[her] testimony." See Cantelon, 85 S.W.3d at 462. The jury chose to resolve the
evidence in favor of the prosecution. We defer to that resolution. See Jackson,
443 U.S. at 326. Viewing the evidence neutrally, we hold the evidence factually
sufficient to support the conviction. See Johnson, 23 S.W.3d at 6. 

VI. CONCLUSION
         Having found the evidence sufficient to corroborate the testimony of the
confidential informant as well as legally and factually sufficient to sustain Campos's
conviction, we overrule Campos's sole issue on appeal. We affirm the judgment of the
trial court. 

                                                                        ERRLINDA CASTILLO
                                                                        Justice
Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed this
the 18th day of December, 2003.