NUMBER 13-03-381-CR

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

                                                                                                    

DAVID LEE JEFFERY,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
                                                                                                    

On appeal from the 278th District Court
of Grimes County, Texas.
                                                                                                    


MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo



Memorandum Opinion by Justice Castillo

         The State indicted David Lee Jeffery, appellant, for delivery of cocaine in an
amount less than one gram.


 A jury convicted him, and the trial court sentenced him
to two years confinement in the State Jail Division of the Texas Department of
Criminal Justice. We conclude that Jeffery's appeal is frivolous and without merit. 
We affirm. 
I. BACKGROUND
         The trial court has certified that this is not a plea-bargain case, and Jeffery has
the right to appeal. See Tex. R. App. P. 25.2(a)(2). Jeffery's court-appointed appellate
counsel filed a brief in which he concludes that this appeal is frivolous. See Anders
v. California, 386 U.S. 738, 744-45 (1967). Counsel certifies: (1) he diligently
reviewed the record for reversible error; (2) he was unable to find any error that would
arguably require reversal of the trial court's judgment; (3) in his opinion, the appeal is
without merit; (4) he served a copy of the brief and complete appellate record on
Jeffery; and (5) he informed Jeffery by separate letter of his right to review the record
and file a pro se brief on his own behalf. See id.; see also High v. State,
573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Jeffery filed a motion for
extension of time to file a pro se brief. We granted the motion and ordered him to file
any pro se brief by January 26, 2004. No pro se brief has been filed. 

II. DISPOSITION
A. Anders Brief
         An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812; Gearhart v. State, 122 S.W.3d 459, 464 (Tex. App.–Corpus
Christi 2003, no pet. h). Counsel's brief does not advance any arguable grounds
of error, but does contain a professional evaluation of the record demonstrating
why there are no arguable grounds to be advanced. See Currie v. State,
516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also Gearhart, 122 S.W.3d
at 464. With relevant citation to legal precedent and the record, counsel professionally
evaluates the indictment, voir dire, admissibility and sufficiency of the evidence,
corroboration of a confidential informant's testimony, jury charge, and punishment
phase. Arguable grounds of error should be advanced by counsel as required by
Anders, if there are any. See Currie, 516 S.W.2d at 684; see also Gearhart,
122 S.W.3d at 464. However, we do not interpret Anders as requiring appointed
counsel to make arguments counsel would not consider worthy of inclusion in a brief
for a paying client or to urge reversal if, in fact, counsel finds no arguable issue to
appeal. See Currie, 516 S.W.2d at 684; see also Gearhart, 122 S.W.3d at 464. We
hold that counsel's brief is not the "conclusory statement" decried by Anders. See
Currie, 516 S.W.2d at 684; see also Gearhart, 122 S.W.3d at 464. 

B. Independent Review of the Record
         This is an Anders case. We independently review the record for error. See
Penson v. Ohio, 488 U.S. 75, 80 (1988); see also Gearhart, 122 S.W.3d at 464. 
1. The Indictment
         The indictment properly alleges the offense of delivery of a controlled substance,
to-wit: cocaine, in an amount less than one gram. See Tex. Health & Safety Code
Ann. § 481.112(b) (Vernon 2003). Even if errors did exist in the indictment, the error
could not be raised on appeal because Jeffery did not file a pre-trial motion alleging any
error in the indictment. See Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 1977);
see also Studer v. State, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990); Gearhart,
122 S.W.3d at 465. We find no arguable error in the indictment. 
2. Pre-Trial Motions
         The record reflects that Jeffery filed a pre-trial motion to suppress an audiotape
of a custodial interrogation in which he confessed to delivery of cocaine. The trial
court carried the suppression motion with the trial and held a voluntariness hearing
outside the presence of the jury during trial. Jeffery testified he was eighteen years
old at the time of his arrest. He said the interrogating officer told him "if I cooperated
and give my statement he probably be more easy on me." Jeffery also testified he
was not beaten or refused food, water, or use of the restroom. He said that the
officer did not threaten or coerce him to give his statement. He denied being under
the influence of drugs or alcohol. He acknowledged he was told he had the right to
an attorney, the right to remain silent, and the right to terminate the interview at any
time. The trial court found that the requirements of articles 38.21 and 38.22 had
been complied with and ruled the audiotaped confession admissible. See Tex. Code
Crim. Proc. Ann. art. 38.21, 38.22 (Vernon 1979 & Supp. 2004). In front of the jury,
the interrogating officer testified to compliance with each of the specific requirements
of article 38.21(a). The State offered the audiotape into evidence, and Jeffery raised
the "same objection but no other objection than has already been ruled upon." The
trial court overruled the objection and admitted the audiotape. It also signed a written
order denying the suppression motion, but did not enter any findings of fact and
conclusions of law with regard to its voluntariness finding. See Tex. Code Crim. Proc.
Ann. art. 38.22, § 6 (Vernon Supp. 2004). However, nothing in the record indicates
that Jeffery complained to the trial court of the absence of findings. The "right" to
findings and conclusions is a statutory "right" that is forfeited by a party's failure to
insist on its implementation. State v. Terrazas, 4 S.W.3d 720, 728 (Tex. Crim.
App. 1999). 
         The record also reflects pre-trial discovery motions filed by Jeffery, but does not
reflect any orders on the motions. Thus, other than the order denying the motion to
suppress, the record reflects that the trial court did not make any ruling adverse to
Jeffery. See Tex. R. App. P. 33.1. Accordingly, we find no arguable error in the trial
court's pre-trial rulings. 
 

3. Voir Dire
         A review of the voir dire examination shows that the trial court excused two
venire members for cause, but neither the State nor Jeffery objected. Thus, the trial
court could not have erroneously ruled. See Johnson v. State, 43 S.W.3d 1, 5 (Tex.
Crim. App. 2001); see also Allen v. State, 54 S.W.3d 427, 428 (Tex. App.–Waco
2001, pet. ref'd). Further, the trial court did not limit Jeffery's questioning of the jury. 
See Nunfio v. State, 808 S.W.2d 482, 485 (Tex. Crim. App. 1991). We find no
arguable error in voir dire.
4. Opening Statements
         As a general rule, to preserve error for appellate review, Jeffery must have made
a timely, specific objection, at the earliest opportunity, and obtained an adverse ruling. 
Tex. R. App. P. 33.1; Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). 
Each side presented opening statements. Neither side objected to the other's. Jeffery
thus waived any error in the prosecution's opening statement. See Limas v. State,
941 S.W.2d 198, 203 (Tex. App.–Corpus Christi 1996, pet. ref'd) (finding waiver for
failure to object to prosecutor's closing argument). We find no arguable error in the
prosecution's opening statement. 
5. Sufficiency of the Evidence
         Evidence at trial showed that investigating officers of the Brazos Valley
Narcotics Task Force, with the assistance of a covert witness as a confidential
informant, arrested Jeffery after a "controlled buy" in which the officers personally
observed and videotaped Jeffery as he delivered less than one gram of cocaine to the
confidential informant. The observing officers and the covert witness testified to what
they each saw and heard. The State introduced a videotape of the controlled buy into
evidence in addition to the audiotape of Jeffery's confession. 
a. Standards of Review
(1) Corroboration 
         The facts indicate that the State relied on a confidential informant in making its
case against Jeffery. See Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon 1979). 
Therefore, the covert witness's testimony must be corroborated. See id. We look to
article 38.14 of the code of criminal procedure when interpreting the corroboration
requirement of article 38.141. Jefferson v. State, 99 S.W.3d 790, 793 n.3 (Tex.
App.–Eastland  2003, pet. ref'd); Young v. State, 95 S.W.3d 448, 450-51 (Tex.
App.–Houston [1st Dist.] 2002, pet. ref'd); Cantelon v. State,
85 S.W.3d 457, 460 (Tex. App.–Austin 2002, no pet.); see also Tex. Code Crim.
Proc. Ann. art. 38.141 (Vernon 1979). Article 38.14 provides that "a conviction
cannot be had upon the testimony of an accomplice unless corroborated by other
evidence tending to connect the defendant with the offense committed." Tex. Code
Crim. Proc. Ann. art. 38.14 (Vernon 1979). The enactment of substantially the same
language in article 38.141 suggests that the legislature intended the same standard
for corroboration to apply to confidential informants. Cantelon, 85 S.W.3d at 460.
         A challenge of insufficient corroboration is not the same as a challenge of
insufficient evidence to support the verdict as a whole. See id. (citing Cathey v.
State, 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999) (applying the accomplice-witness rule)). The test for weighing the sufficiency of corroborative evidence is to
first eliminate from consideration the testimony of the accomplice witness. Hernandez
v. State, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997) (applying the accomplice-witness rule) (citing Reed v. State, 744 S.W.2d 112, 125 (Tex. Crim. App. 1988)). 
We then examine the testimony of other witnesses to ascertain if there is evidence
that tends to connect the accused with the commission of the offense. 
Hernandez, 939 S.W.2d at 176. Corroborative evidence need not be sufficient in itself
to establish the accused's guilt beyond a reasonable doubt. Id. Nor is it necessary for
the corroborative evidence to directly link the accused to the commission
of the offense. Cantelon, 85 S.W.3d at 461. The corroboration requirement
is satisfied if there is some corroborative evidence that tends to connect the accused
to the commission of the offense alleged in the indictment. See Gill v.
State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994). 
         We view the corroborating evidence in the light most favorable
to the finding of guilt. Cantelon, 85 S.W.3d at 461 (citing Knox v.
State, 934 S.W.2d 678, 686-87 (Tex. Crim. App. 1996)); Gill, 873 S.W.2d
at 48.  No precise rule can be formulated regarding the amount of evidence required
to corroborate testimony. Cantelon, 85 S.W.3d at 461 (citing Gill, 873 S.W.2d
at 48). Even insignificant circumstances may satisfy the test. Cantelon, 85 S.W.3d
at 461. We judge each case on its own facts. Id. 
(2) Legal Sufficiency
         A legal-sufficiency challenge calls for appellate review of the
relevant evidence in the light most favorable to the prosecution. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex.
Crim. App. 2003); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). We
consider all the evidence that sustains the conviction, whether properly or improperly
admitted or whether introduced by the prosecution or the defense, in determining the
legal sufficiency of the evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Similarly, in reviewing the legal sufficiency of the evidence, we
look to all of the evidence introduced during either stage of the trial. De Garmo v.
State, 691 S.W.2d 657, 661 (Tex. Crim. App. 1985).
         Legal sufficiency in this case is measured against the elements of the
offense as defined by a hypothetically correct jury charge. Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury
charge is one that "accurately sets out the law, is authorized by the indictment,
does not unnecessarily increase the State's burden of proof or unnecessarily
restrict the State's theories of liability, and adequately describes the particular
offense for which the defendant was tried." Id. A hypothetically correct
jury charge would not simply quote from the controlling statute. Gollihar v. State,
46 S.W.3d 243, 254 (Tex. Crim. App. 2001). Its scope is limited by "the
statutory elements of the offense . . . as modified by the charging instrument." Fuller
v. State, 73 S.W.3d 250, 254 (Tex. Crim. App. 2002) (Keller, P.J., concurring); Curry
v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). When a statute lists more
than one method of committing an offense, and the indictment alleges some, but not
all, of the statutorily listed methods, the State is limited to the methods alleged. 
Fuller, 73 S.W.3d at 255; Curry, 30 S.W.3d at 404. This standard of legal sufficiency
ensures that a judgment of acquittal is reserved for those situations in which there is
an actual failure in the State's proof of the crime. Malik, 953 S.W.2d at 240. We
then determine if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319;
Johnson, 23 S.W.3d at 7. 
         If we reverse a criminal case for legal insufficiency following a jury trial, we
reform the judgment to reflect conviction for a lesser offense only if: (1) we find that
the evidence is sufficient to support conviction of the lesser offense; and (2) a jury
charge on the lesser offense was either submitted or requested but denied. Collier v.
State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999) (plurality op.) (discussing
circumstances under which court of appeals may reform judgment following jury trial
to reflect conviction for lesser offense); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.
Crim. App. 1993) (clarifying same). Otherwise, we vacate the judgment of conviction
for legal insufficiency and order a judgment of acquittal. Swearingen, 101 S.W.3d
at 95. 
(3) Factual Sufficiency
         We also measure the factual sufficiency of the evidence in this case against a 
hypothetically correct jury charge. Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.—Corpus Christi 2002, pet. ref'd). We are constitutionally empowered to review
the judgment of the trial court to determine the factual sufficiency of the evidence
used to establish the elements of the charged offense. Johnson, 23 S.W.3d at 6. In
determining the factual sufficiency of the elements of the offense, we view all the
evidence neutrally, not through the prism of "the light most favorable to the
prosecution." Id. at 6-7 (citing Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996)). We set aside a finding of guilt only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Id. at 7. A clearly wrong and unjust finding of guilt is "manifestly
unjust," "shocks the conscience," or "clearly demonstrates bias." Rojas v.
State, 986 S.W.2d 241, 247 (Tex. Crim. App. 1998). 
         In conducting a factual-sufficiency review, we review the fact finder's weighing
of the evidence. Johnson, 23 S.W.3d at 7 (citing Clewis, 922 S.W.2d at 133). We
review the evidence that tends to prove a material disputed fact and compare it with
evidence that tends to disprove it. Johnson, 23 S.W.3d at 7. We are authorized to
disagree with the fact finder's determination. Id. However, we approach a factual-sufficiency review with appropriate deference to avoid substituting our judgment for
that of the fact finder. Id. Our evaluation should not intrude substantially on the fact
finder's role as the sole judge of the weight and credibility given to witness
testimony.  Id. 
         We always remain aware of the fact finder's role and unique position, a position
we are unable to occupy. Id. at 9. Exercise of our authority to disagree with the fact
finder's determination is appropriate only when the record clearly indicates our
intervention is necessary to stop manifest injustice. Id. Otherwise, we accord due
deference to the fact finder's determinations, particularly those concerning the weight
and credibility of the evidence. Id. 
         Every fact need not point directly and independently to the accused's guilt. 
Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981). A finding of guilt
can rest on the combined and cumulative force of all the incriminating circumstances.
Id. We reverse a judgment of conviction only if proof of guilt is so obviously weak as
to undermine confidence in the fact finder's determination, or proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. Swearingen,
101 S.W.3d at 97. When an appellant challenges the factual sufficiency of the
elements of the offense, we ask whether "a neutral review of all the evidence . . .
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury's determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof." Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex.
Crim. App. 2003) (quoting Johnson, 23 S.W.3d at 11). 
         In conducting a factual-sufficiency review in an opinion, we "show
our work" when we consider and address the appellant's main argument for
urging insufficiency of the evidence. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003); Johnson, 23 S.W.3d at 9; Manning v. State, 112 S.W.3d 740, 747 (Tex.
App.–Houston [14th Dist.] 2003, no pet. h.); see Tex. R. App. P. 47.1. This practice
benefits the parties, maintains the integrity of the justice system, and improves
appellate practice.  Sims, 99 S.W.3d at 603; Manning, 112 S.W.3d at 747. If we
reverse a criminal case for factual insufficiency, we vacate the judgment of conviction. 
Clewis, 922 S.W.2d at 133-34. We remand for a new trial a criminal case reversed
for factual insufficiency, so a second fact finder has the chance to evaluate the
evidence. Swearingen, 101 S.W.3d at 97. 
b. Applicable Law
         Section 481.112(a) of the health and safety code prohibits a person from
knowingly manufacturing, delivering, or possessing with intent to deliver a controlled
substance listed in Penalty Group 1. Tex. Health & Safety Code Ann. § 481.112(a) 
(Vernon 2003). Penalty Group 1 includes cocaine. Tex. Health & Safety Code
Ann. § 481.102(3)(D) (Vernon 2003). A person acts knowingly, or with knowledge,
with respect to the nature of conduct or to circumstances surrounding conduct when
the person is aware of the nature of the conduct or that the circumstances exist. Tex.
Pen. Code Ann. § 6.03(b) (Vernon 2003). For purposes of delivery of a controlled
substance, actual delivery occurs when possession and control of the substance
transfers from one person to another. Cano v. State, 3 S.W.3d 99, 105 (Tex.
App.–Corpus Christi 1999, pet. ref'd). Delivery of a controlled substance is a state
jail felony if the aggregate weight, including adulterants or dilutants, is less than one
gram. Tex. Health & Safety Code Ann. § 481.112(b) (Vernon 2003). 
                                          c. Sufficiency Analysis
(1) Corroboration of Covert-Witness Testimony
         We first eliminate from consideration the covert witness's testimony and
examine the official witnesses' testimony for evidence that tends to connect Jeffery
with the offense. See Jefferson, 99 S.W.3d at 793; see also Young, 95 S.W.3d
at 452; Cantelon, 85 S.W.3d at 461; Williams v. State, 864 S.W.2d 81, 83 (Tex.
App.–Tyler 1993, pet. ref'd). The official witnesses identified Jeffery by sight as the
person they observed and heard over a radio transmission during the transaction. The
State also introduced a videotape that corroborated the informant's testimony. All the
law requires for corroboration is some evidence that tends to connect the accused to
the commission of the offense. Jefferson, 99 S.W.3d at 792. We hold that a rational
fact finder, considering the circumstances together, could conclude that the official
witnesses' testimony sufficiently tended to connect Jeffery to the offense. See
Cantelon, 85 S.W.3d at 462. 

 (2) Legal-Sufficiency Analysis
         The State proved its case through the official eyewitnesses' testimony, that of
the covert witness, the videotape, and official-witness testimony regarding the chain
of custody and composition of the substance Jeffery delivered to the covert witness. 
Viewing the evidence in the light most favorable to the prosecution and measuring it
against a hypothetically correct jury charge as modified by the indictment, we find that
the record contains evidence that Jeffery knowingly delivered less than one gram of
a substance containing cocaine to the confidential informant. See Cano, 3 S.W.3d
at 105. A rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. See Jackson, 443 U.S. at 319; see also Johnson,
23 S.W.3d at 7. We hold the evidence legally sufficient to support Jeffery's
conviction for delivery of a controlled substance in an amount of less than one gram. 
                                    (3) Factual-Sufficiency Analysis
         We view all the evidence neutrally, favoring neither the prosecution nor Jeffery, 
and measure it against a hypothetically correct jury charge as modified by the
indictment. Johnson, 23 S.W.3d at 6-7; Adi, 94 S.W.3d at 131. Jeffery did not
testify at trial. The record contains Jeffery's challenges on cross-examination to the
covert witness's credibility and motivation for working as a confidential informant. 
Jeffery also challenged the testimony of the laboratory technician who tested the
substance and reported its composition. Faced with a record of historical facts that
supports conflicting inferences, we presume that the trier of fact resolved any conflicts
in favor of the prosecution. See Jackson, 443 U.S. at 326. The jury chose to resolve
the evidence in favor of the prosecution. We defer to that resolution. See Jackson,
443 U.S. at 326. Proof of Jeffery's guilt is not so obviously weak as to undermine
confidence in the jury's determination, nor is the proof of his guilt greatly outweighed
by contrary proof. See Zuliani, 97 S.W.3d at 593-94. Viewing the evidence neutrally,
we hold the evidence factually sufficient to support the conviction. See Johnson,
23 S.W.3d at 6. 
         Accordingly, we find no arguable legal or factual insufficiency of the evidence. 
 We turn to an examination of the remainder of the record. 
6. The Charge
         After the close of evidence, the trial court asked for objections to the charge. 
Jeffery's counsel replied, "None other than what is already noted." However, neither
the clerk's record nor the reporter's record indicates what those objections were, so
the record does not reflect the substance of any objection to the charge. Thus, to be
reversible, any error would have to constitute egregious harm. Almanza v. State,
686 S.W.2d 157,171 (Tex. Crim. App. 1985) (op. on reh'g). We find no arguable
egregious error in the charge. 
 7. Closing Argument
         Jeffery voiced one objection to the prosecution's closing argument as
"improper." The trial court overruled the objection. We find that the prosecutor's
closing argument properly consisted of summation of the evidence, reasonable
deductions drawn from that evidence, answers to opposing counsel's argument, and
a plea for law enforcement. See Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim.
App. 2000) (four areas of proper jury argument). Jeffery waived any other error by
not objecting. See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); see
also Limas, 941 S.W.2d at 203. We find no arguable error in the prosecutor's jury
argument. 
8. Punishment Phase
         A sentence outside the maximum or minimum range of punishment is
unauthorized by law and therefore illegal. Mizell v. State, 119 S.W.3d 804, 806 (Tex.
Crim. App. 2003). Unlike most trial errors, which are forfeited if not timely asserted,
a party is not required to make a contemporaneous objection to the imposition
of an illegal sentence. Id. at 806 n.6. Here, however, the sentence assessed
by the trial court was within the statutorily permissible range and was based
on admissible evidence introduced during the trial. See Hawkins v. State,
112 S.W.3d 340, 345 (Tex. App.–Corpus Christi 2003, no pet.) (citing Jordan v.
State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973)). Thus, to preserve any error
in the punishment phase, Jeffery must have made a timely, specific objection, at the
earliest opportunity, and obtained an adverse ruling. Tex. R. App. P. 33.1; Turner v.
State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). Jeffery did not object at
sentencing on any basis. We find he waived any challenge to the sentence imposed. 
See Hawkins, 112 S.W.3d at 344-45 (citing Rhoades v. State, 934 S.W.2d 113, 120
(Tex. Crim. App. 1996)). We find no arguable error in the sentencing proceedings.
9. Conclusion 
         Accordingly, our independent review of the record finds that Jeffery's appeal
is frivolous. We conclude that this appeal is without merit. See Penson,
488 U.S. at 80. We affirm the judgment and sentence of the trial court. 
C. Motion to Withdraw
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) 
(noting that Anders brief should be filed with request for withdrawal from case). 
Counsel has filed a motion to withdraw. We grant the motion and order counsel to
advise Jeffery promptly of the disposition of this case and the availability of
discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim.
App. 1997); see also Gearhart, 122 S.W.3d at 469. 

                                                                        ERRLINDA CASTILLO
                                                                        Justice
Do Not Publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 11th day of March, 2004.