OPINION HEADING PER CUR 







                     NO. 12-03-00152-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


BOBBY T. PATTON,                                         §     APPEAL FROM THE 349TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     HOUSTON COUNTY, TEXAS





MEMORANDUM OPINION
            A jury convicted Bobby T. Patton (“Appellant”) of the delivery of 1.27 grams of crack
cocaine and assessed his punishment at twenty years of imprisonment. In two issues, Appellant
contends that 1) there was not sufficient evidence corroborating the testimony of the State’s
confidential informant and 2) the trial court erred in allowing an unsigned letter written by Appellant
into evidence during the sentencing phase of the trial. We affirm.

Background
            Sergeant John Catoe (“Catoe”) of the Deep East Texas Regional Narcotic Trafficking Task
Force (the “Task Force”) testified that Toderick Watson (“Watson”) had agreed to serve as a
confidential informant regarding drug activity in Crockett, Texas. At the time, Watson had been
charged with delivery of a controlled substance and wanted to work with law enforcement in
exchange for a possible reduction of the prison time he was facing. Watson met with Catoe and
Roosevelt Hall (“Hall”), an investigator with the task force, on the night of February 5, 2002 for the
purpose of purchasing controlled substances from drug dealers in the Crockett area. 
            On that night, Catoe placed a concealed microphone on Watson and operated the recording
equipment while Watson purchased crack cocaine from Appellant. Catoe stayed out of sight of the
actual drug transaction and did not visually witness any part of the transaction. Although Catoe did
not see any of the events transpire, Hall drove Watson to the site of the drug purchase, 303 West
Goliad in Crockett, and witnessed Appellant give Watson 1.27 grams of crack cocaine in exchange
for fifty dollars. Hall testified that he was in a position to view the entire transaction between
Appellant and Watson. 
            Appellant was found guilty of delivery of a controlled substance and then sentenced to twenty
years of imprisonment by the jury. He timely appealed his conviction to this Court. 
 
Corroborating Evidence
            In his second issue, Appellant complains that the evidence was insufficient to corroborate
Watson’s testimony as a confidential informant.


 The legislature has mandated that a defendant may
not be convicted by the statements of a confidential informant unless that testimony is corroborated
in the following manner:
 
(a)A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code,
on the testimony of a person who is not a licensed peace officer or a special investigator but
who is acting covertly on behalf of a law enforcement agency or under the color of law
enforcement unless the testimony is corroborated by other evidence tending to connect the
defendant with the offense committed.
 
              (b)         Corroboration is not sufficient for the purposes of this article if the corroboration
only shows the commission of the offense. 
 
Tex. Code Crim. Proc. Ann. art. 38.141(a),(b) (Vernon Supp. 2004) (emphasis added).
            A challenge of insufficient corroboration is not the same as a challenge of insufficient
evidence to support the verdict as a whole. See Cathey v. State, 992 S.W.2d 460, 462-63 (Tex.
Crim. App. 1999). To corroborate a confidential witness’s testimony, all the law requires is that
there be some non-confidential-informant evidence which tends to connect the accused to the
commission of the offense. See Cantelon v. State, 85 S.W.3d 457, 460 (Tex. App.–Austin 2002,
no pet.). To determine the sufficiency of the corroborative evidence, we eliminate the testimony of
the confidential informant and ask whether other inculpatory evidence tends to connect the accused
with the commission of the offense. See id. (citing McDuff v. State, 939 S.W.2d 607, 612 (Tex.
Crim. App. 1997)). The “tends-to-connect” standard does not present a high threshold. Cantelon, 
85 S.W.3d at 461. 
            If we eliminate Watson’s testimony, we are left with the following inculpatory evidence: 1)
Catoe and Hall both established the date and place where the drug deal between Watson and
Appellant occurred; 2) before executing the plan, Catoe and Hall searched Watson to ensure that he
had no drugs on him and provided Watson with fifty dollars in cash and the recording device; 3) the
tape from the recording device, played before the jury, showed that Appellant agreed to meet Watson
at the car wash at 303 West Goliad in order to consummate the drug deal; 4) Catoe testified that he
saw Watson and Hall at the car wash preparing to meet Appellant; 5) Catoe also testified that he
recognized the voices of Watson and Appellant on the tape, which was played before the jury; and
6) Hall testified that he actually observed Watson give Appellant fifty dollars in exchange for the
1.27 grams of crack cocaine. 
            Appellant responds that there is a conflict between the testimony of Hall and Watson. 
Appellant points out that Watson testified he exchanged the fifty dollars for the cocaine through the
window of Appellant’s truck. On the other hand, Hall testified that Appellant got out of his truck
and that the drug deal was consummated in front of Appellant’s truck. Appellant contends that this
discrepancy between the testimony of the confidential informant, Watson, and Hall was enough to
raise a reasonable doubt as to his guilt. We disagree. 
             All conflicts in the evidence should be resolved in favor of the verdict, and every reasonable
inference indulged. Sneed v. State, 803 S.W.2d 833, 837 (Tex. App.–Dallas 1991, pet. ref’d). The
jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their
testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). Likewise, reconciliation
of conflicts in the evidence is within the exclusive province of the jury. Losada v. State, 721 S.W.2d
305, 309 (Tex. Crim. App. 1986). An appellate court should uphold the jury’s verdict “unless it is
found to be irrational or unsupported by more than a mere modicum of evidence.” Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
            In the instant case, the testimony of officers Catoe and Hall tended to connect Appellant
to the commission of the offense. See Jefferson v. State, 99 S.W.3d 790, 793 (Tex. App.–Eastland
2003, pet. ref’d). A tape recording played before the jury of a drug transaction is also “other
evidence tending to connect” Appellant with the offense. Id. Accordingly, we hold that the
testimony of the two officers, along with the tape recording played before the jury, satisfied the
corroboration requirement of Article 38.141. Appellant’s second issue is overruled.
 
Unsigned Letter as Evidence
            In his first issue, Appellant contends that the trial court erred during the sentencing phase
of his trial when it admitted into evidence an unsigned letter that he had purportedly written.
Appellant argues that the letter was not authenticated before being admitted into evidence. 
            Evidence of a prior criminal record may be offered by the State as to any matter the court
deems relevant to sentencing. Tex. Crim. Proc. Code Ann. art. 37.07, § 3(a)(1) (Vernon Supp.
2004). The requirement of authentication or identification as a condition precedent to admissibility
is satisfied by evidence sufficient to support a finding that the matter in question is what the
proponent claims. Tex. R. Evid. 901(a).
            When the State introduced the letter purportedly written by Appellant, it showed that the
letter contained the same Texas Department of Criminal Justice identification number as the
Appellant’s penitentiary packet. The letter, written to a district court in Houston County, also
referenced the same cause number 14,351-CR, styled State of Texas v. Bobby Terrell Patton,
referenced in the penitentiary packet. Further, the letter referenced the same date, December 18,
1997, as the date of the court’s judgment against Appellant. The writer of the letter stated that he
had been convicted under this style and cause number. Therefore, the trial court had sufficient
evidence before it to determine that the letter introduced into evidence was written by Appellant. 
Appellant’s first issue is overruled.
Disposition
            Having overruled the Appellant’s two issues, the judgment of the trial court is affirmed.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered August 4, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
                                                            (DO NOT PUBLISH)