Reversed and Acquitted and Opinion filed August 3, 2006








Reversed and Acquitted and Opinion filed August 3, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00033-CR

_______________

 

JAMES MALONE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 45,743

                                                                                                                                                

 

O P I N I O N

 

James Malone appeals a conviction for
possession of a controlled substance with intent to deliver[1]
on the grounds that: (1) the evidence is legally insufficient to support his
conviction; and (2) the trial court erroneously admitted evidence.  We reverse
and render a judgment of acquittal.

Corroboration of Confidential
Informant=s Testimony

Appellant=s first point of error argues that
the evidence was legally insufficient to support his conviction because it was
based on insufficiently corroborated testimony by a confidential informant. 
Specifically, appellant contends that the only evidence connecting him to the
offense was: (1) a tape recording of the alleged drug transaction authenticated
only by an informant; and (2) a police officer=s testimony that he saw appellant go
into the house where the transaction occurred.








A defendant may not be convicted
based on the testimony of a person who is not a licensed police officer or
special investigator, but is acting covertly on behalf of law enforcement,
unless that testimony is corroborated by other evidence tending to connect the
defendant with the offense committed.  See Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon 2005).  In
applying this rule, courts have adopted the standards for corroboration of
accomplice-witness testimony.[2]  In
conducting a sufficiency review under the accomplice-witness rule, a reviewing
court must eliminate the accomplice testimony from consideration and then
examine the remaining portions of the record to see if there is any evidence
that tends to connect the accused with the commission of the crime.  Solomon
v. State, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001).  The accused=s mere presence in the company of the
accomplice before, during, and after the commission of the offense is
insufficient to corroborate the testimony unless it is coupled with other
suspicious circumstances tending to connect the accused to the offense.  Trevino
v. State, 991 S.W.2d 849, 851-52 (Tex. Crim. App. 1999).  We view the
corroborating evidence in the light most favorable to the finding of guilt.  Knox
v. State, 934 S.W.2d 678, 686-87 (Tex. Crim. App. 1996).  However, where
corroborating evidence required for a conviction is lacking, the defendant is
entitled to a verdict of acquittal.  Tex.
Code Crim. Proc. Ann. art. 38.17 (Vernon 2005).

In this case, Investigator Jay Grimes
of the Clute Police Department used two confidential informants, Jason Harris
and Christopher Olachia, to purchase cocaine from appellant on September 22,
2003.  Prior to the transaction, the informants and their vehicle were
searched, and the police provided one of them $1,000 in cash and a
micro-cassette recorder with which to record the transaction.  Grimes followed
the informants to appellant=s house, keeping sight of them the entire way.  When the
informants arrived at appellant=s house, they helped an unidentified female move her car out
of the mud, and then entered the house with appellant.  According to Olachia,
while they were in the house, appellant Acooked@ crack cocaine for them.  An
unidentified male also entered and left the house while the informants were
inside.  The informants bought the crack cocaine, using the $1,000, and then
returned to the police station, with Grimes following them the entire way. 
When they arrived at the police station, Grimes again searched the informants
and their vehicle.  The informants turned over several Acookies@ of crack cocaine and the tape
recording.  








At trial, only three witnesses
testified: Grimes, Olachia, and a crime lab director.  The audio recording made
by Olachia was played for the jury, with Olachia describing the events that
occurred and identifying the voices on the tape, including appellant=s.  However, excluding Olachia=s (the informant=s) testimony from consideration, the
record reflects only that: (1) Harris and Olachia, while being watched by
Grimes, went to appellant=s house with no drugs, a micro-cassette recorder, and $1,000
provided to them by Grimes; (2) Grimes observed appellant, Harris, and Olachia
going into appellant=s house, where they stayed for approximately 80 minutes; and
(3) Harris and Olachia, followed by Grimes, returned directly to the police
station with several cookies of crack cocaine and a tape recording.  Because
there is no identification of the voices[3]
on the tape recording without Olachia=s testimony, the tape recording does
not tend to connect appellant to the offense, and without Olachia=s testimony describing what occurred,
we are not even able to discern from the tape that a drug transaction was
occurring.  In addition, the State offered no other corroborating evidence that
either identified appellant=s voice on the tape or showed any suspicious circumstances
that, coupled with appellant=s presence at the scene of the crime, would sufficiently tend
to connect appellant to the offense.[4]  Absent such
other suspicious circumstances, appellant=s mere presence at the scene of the
crime does not sufficiently corroborate Olachia=s testimony.  See Trevino, 991
S.W.2d at 852; Hernandez v. State, 939 S.W.2d 173, 178-79 (Tex. Crim.
App. 1997). 

Because the corroborating evidence
necessary to sustain appellant=s conviction is lacking, we sustain appellant=s first issue and thus need not
address his second issue.  Accordingly, we reverse the judgment of the trial
court and render judgment of acquittal.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Opinion filed
August 3, 2006.

Panel consists of Justices Fowler,
Edelman and Guzman.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty and assessed
punishment at 25 years confinement.





[2]           See Jeffery v. State, 169 S.W.3d
439, 447 (Tex. App.CTexarkana 2005, pet. ref=d); Dennis v. State, 151 S.W.3d 745, 748-49 (Tex. App.CAmarillo 2004, pet. ref=d); Jefferson v. State, 99 S.W.3d 790, 793 (Tex. App.CEastland 2003, pet. ref=d); Young v. State, 95 S.W.3d 448, 450 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).

 





[3]           Because appellant did not testify, the jury
had no opportunity to independently identify his voice.





[4]           See Young, 95 S.W.3d at 452; Morrison
v. State, 631 S.W.2d 242, 243-44  (Tex. App.CFort Worth 1982, pet. ref=d)
(applying the accomplice-witness rule); cf. Dennis, 151 S.W.3d at 749
(holding corroborating evidence sufficient even though the investigator did not
actually see the transaction because the informant was searched prior to the
meeting and wore a recording device that was monitored by the investigator, the
investigator identified appellant=s voice on the recording, the
informant was observed going to appellant=s
house, appellant was seen approaching the informant=s car, and the informant gave the officer cocaine on
his return from the transaction); Jefferson, 99 S.W.3d at 792-93
(holding corroborating evidence sufficient even though the informant went by
herself to a house to make a purchase because she had been searched before she
left, the officer watched her go into the house, a recording was made of the
transaction, the officer testified that appellant=s voice was on the recording, and the informant gave the officer cocaine when she
returned to his vehicle).