NO. 07-06-0477-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 6, 2007



______________________________




IN THE INTEREST OF A.T.D., A CHILD



_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 70,341-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 By the entry of an Order of Termination, signed November 21, 2006, the trial court
terminated the parental rights of Appellant, Channon Michelle Adams, to her child, A.T.D. 
Appellant perfected this accelerated appeal by filing a pro se notice of appeal on
December 11, 2006. The clerk's record and reporter's record were both filed and 
Appellant's brief was originally due February 12, 2007. On February 20th this Court
notified Appellant that unless the brief, or a response reasonably explaining Appellant's
failure to file a brief, were filed on or before March 2, 2007, the appeal would be subject
to dismissal for want of prosecution. Tex.R.App.P. 38.8(a). On March 14, 2007, Appellant
filed a Motion For Extension of Time to File Appellant's Brief, which motion was granted
thereby extending the deadline for the filing of Appellant's brief until the earlier of twenty
days following the filing of a supplemental reporter's record or April 13, 2007. Appellant
did not seek an extension of this deadline; however, the reporter did request an extension
of time to file the supplemental reporter's record. The reporter's request was granted on
April 17, 2007, extending the deadline for filing the supplemental reporter's record until May
15, 2007. At the same time, this Court sua sponte extended the deadline for filing
Appellant's brief until 20 days following the filing of the supplemental record. The
supplemental record was filed on May 15, 2007, making Appellant's brief due on Monday,
June 4, 2007. On June 11th this Court again notified Appellant that unless the brief, or a 
response reasonably explaining Appellant's failure to file a brief, were filed on or before
June 21, 2007, the appeal would be subject to dismissal for want of prosecution without
further notice pursuant to Rules 38.8(a)(1) and 42.3(b) of the Texas Rules of Appellate
Procedure. To date this Court has received neither a brief nor another request for
extension of time to file Appellant's brief. 

 Having failed to meet any of the five previous deadlines for the filing of Appellant's
brief, the appeal is dismissed.


 Per Curiam



up with Wilbon on June 14, 2004, searched her
for money, weapons, or contraband, and fitted her with a recording device. Holder then
drove Wilbon to an apartment complex, gave her $200, and dropped Wilbon off. Shortly
thereafter, Wilbon came back to Holder's vehicle with crack cocaine.

 In turn, Scott informed the jury that Wilbon indicated to him she could purchase
crack cocaine from a person named Spunk. According to police records, that name
referred to appellant. Scott also had Wilbon view a photo spread, and she identified
appellant as Spunk. So too did Scott and his men conduct visual surveillance of Wilbon
after she left Holder. Wilbon was seen walking through the apartment complex to an
apartment. She talked to people at the abode while waiting for appellant to return. Soon,
appellant arrived, and as he did, a child could be heard saying, "What's up, Spunk?" 
Thereafter, Wilbon left the apartment and was seen entering a vehicle with appellant who
Scott recognized. Additionally, the vehicle's license plate was traced to a woman known
to be appellant's girlfriend. Wilbon also was heard indicating to appellant that she was
buying the cocaine for someone else and that she was going to make money off the
transaction. So too was she heard counting the money in appellant's presence and
requesting from him something in which to put the drugs. 

 The testimony of Holder and Scott was more than ample to connect appellant to the
offense. See Dennis v. State, supra (finding the corroborating evidence sufficient when
the informant and his vehicle were searched prior to the purchase, the defendant was
observed coming out of a house and approaching the informant's vehicle, the informant
called the defendant by name, words on an audio recording indicated the exchange of a
substance for $400, the officer identified one of the voices on the tape as the defendant's,
and when the informant returned to the officer he gave him cocaine); Jefferson v. State,
99 S.W.3d 790, 792-93 (Tex. App.-Eastland 2003, pet. ref'd) (holding the corroborating
evidence sufficient even though the informant went by herself to a house to make the
purchase since she had been searched before she left, the officer watched her go into the
house, a recording was made of the transaction, the officer testified that the defendant's
voice was on the recording, and the informant gave the officer cocaine when she returned
to his vehicle). And, while appellant's voice was not identified, he nonetheless was visually
identified by an officer as entering the vehicle in which the transaction occurred. 

 Issue 2 - Extraneous Offense

 Appellant next contends that the trial court erred in admitting evidence of another
sale of cocaine by him to Wilbon four days after the June 14, 2004 buy. (1) The evidence
was purportedly inadmissible under both Texas Rules of Evidence 404(b) and 403. We
overrule the contention. 

 Evidence of extraneous offenses or bad acts may be admitted to prove motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident. Tex. R. Evid. 404(b). And, whether the trial court correctly admitted such
evidence depends on whether it abused its discretion. Lane v. State, 933 S.W.2d 504, 519
(Tex. Crim. App. 1996). That is, if the decision came within the zone of reasonable
disagreement, then it was not wrong. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1991). 

 Here, appellant concedes that "[t]rial counsel could have arguably raised the issue
of whether [he] [a]ppellant committed the act he was accused of through cross-examination
of the State's witnesses." Indeed, in attempting to discredit the testimony of Wilbon and
Scott identifying him as the seller during the June 14th sale, he place the issue of identity
into play.

 Next, it is true, as contended by appellant, that before evidence of an extraneous
offense can be used to establish identity, the extraneous offense "must be so similar to the
offense charged that the offenses are marked as the accused's handiwork." Lane v. State,
933 S.W.2d at 519; accord Johnson v. State, 68 S.W.3d 644, 651 (Tex. Crim. App. 2002)
(stating the same). Yet, there are several ways to satisfy this requirement. It may be done
through proof of a common modus operandi or through proof of proximity in time and
place. Lane v. State, 933 S.W.2d at 519. Moreover, the similarities between the offense
for which the accused is being tried and the extraneous offense are sufficient if they make
the latter relevant to the issue of identity. Jimenez v. State, No. 08-05-0046-CR, 2006 Tex.
App. Lexis 9282 at *18 (Tex. App.-El Paso, October 26, 2006, no pet. h.); Thomas v.
State, 126 S.W.3d 138, 144 (Tex. App.-Houston [1st Dist.] 2003, pet. dism'd). For
example, in Ranson v. State, 503 S.W.2d 810 (Tex. Crim. App. 1974), the extraneous
offense was deemed admissible on the issue of identity since the same offense was
committed both times, they occurred within a three-day period in the same city, and
appellant (who was identified as participating in both) had a confederate in both. Id. at
813. The court in Jimenez also found the evidence admissible since the crimes were the
same, the appellant was identified as participating in both, they occurred within a month
of each other at dark in the same neighborhood, the same type gun was used, and the
accused shot at his victims as they fled. Jiminez v. State, 2006 Tex. App. Lexis 9281 at
*18. In each instance, the evidence may not have been of the ilk to show that the accused
and only the accused could have done both. Instead, the similarities in manner, place, and
time were enough to allow the trial court to reasonably infer that if he committed the
extraneous offense, then he also committed the crime underlying his current prosecution. 
And, the same is true here.

 First, we have a close proximity in time between the two offenses; only four days
had lapsed. The proximity of location between the two is also remarkable; both drug
transactions occurred around the same apartment complex on the 2100 block of East 4th
Street. So too were the crimes the same, i.e. a drug sale, and appellant was spied at each
by the same police officer. Moreover, both transactions occurred within a vehicle
controlled by appellant, the buyer and seller were alone during the transaction, the deals
were completed in a very short period of time, and the contraband purchased was the
same in each instance. These similarities between the two crimes suffice to render the
extraneous evidence relevant on the issue of identity. Thus, we cannot say the trial court
abused its discretion in concluding that the requirements of Rule 404(b) were satisfied.

 As for the allegation that the relevance of the evidence was substantially outweighed
by its alleged prejudice, we are told to consider four factors when deciding whether the trial
court correctly ruled upon the Rule 403 objection. (2) They consist of assessing 1) whether
the evidence compellingly made a fact of consequence more or less probable, 2) what the
potential was for the evidence to impress the jury in some irrational, yet indelible, way, 3)
how much time was spent developing the evidence, and 4) how great was the need for the
evidence. Lane v. State, 933 S.W.2d at 520. Assessment of those criteria here leads us
to no Rule 403 violation.

 First, we again note that identity was at issue, and the similarity between the crimes
noted above did much to identify appellant as the dealer in both instances. Thus, it can
be said that the evidence in dispute was sufficiently compelling to make more probable a
fact of consequence. Next, the trial court attempted to minimize the risk of the evidence
causing an irrational impression by restricting the topics on which the jury could consider
it. Third, while the extraneous offense was established through the testimony of two
witnesses, they spoke about many other matters and were only two of the seven
individuals to testify during the guilt/ innocence phase of the trial. So, a disproportionate
amount of time was not spent developing the extraneous offense. Regarding the last
criteria, we note that appellant wholeheartedly endeavored to discredit Wilbon, a drug
abuser, as part of his trial strategy. Moreover, she was the sole eyewitness to the actual,
initial drug transaction. This provided the trial court with reasonable basis to conclude that
while the need for the evidence may not have been dire, it nonetheless existed. So, in
sum, we cannot say that the trial court's decision to overrule the Rule 403 complaint fell
outside the zone of reasonable disagreement and constituted an instance of abused
discretion.

 Having overruled each issue of appellant, we affirm the judgment of the trial court.



 Brian Quinn 

 Chief Justice

Publish.
1. To the extent that appellant complains on appeal of the procedure used by the trial court in ruling on
the admissibility of the evidence at a pretrial hearing, he failed to make such a complaint to the trial court and
thereby waived any error. 
2. According to Texas Rule of Evidence 403, relevant evidence may be excluded if its probative value
is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury,
or by considerations of undue delay or of needless presentation of cumulative evidence.